Elizabeth S. Fitch (#010442)
Kelsey Walkup (#037714)
**RIGHI FITCH LAW GROUP, P.L.L.C.**
2999 North 44th Street, Suite 215
Phoenix, Arizona 85018
Telephone:   (602) 385-6776
Facsimile:    (602) 385-6777
beth@righilaw.com
kelsey@righilaw.com
*Attorneys for Valley Christian Schools*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Adam McDorman,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Valley Christian Schools,<br><br>　　　　Defendant. | Case No.: 2:22-cv-02180-SRB<br><br>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Defendant Valley Christian Schools, by and through counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rules 7.2 and 56.1 of the Local Rules of Civil Procedure, hereby moves for summary judgment in its favor on Plaintiff's causes of action against it. Specifically, Defendant requests that the Court grant summary judgment—

(I)　dismissing Plaintiff's causes of action for employment discrimination and retaliation under Title VII, retaliation under Title IX, and state-law breach of contract, as Plaintiff's employment falls within the ministerial exception; or

(II)　in the alternative, dismissing Plaintiff's cause of action for state-law breach of contract, as the employee handbook clearly stated that Plaintiff's employment was at-will.

This Motion is supported by the following Memorandum of Points and Authorities, as well as a Separate Statement of Facts along with supporting documents.

## INTRODUCTION

Plaintiff Adam McDorman was employed as a teacher at Defendant Valley Christian Schools from July 2014 until November 2021, when his employment was terminated. Plaintiff alleges in this action that the termination of his employment violated the provisions against employment discrimination and retaliation of Title VII of the Civil Rights Act and the provisions against retaliation of Title IX of the Civil Rights Act, and constituted breach of contract under Arizona law. While Defendant denies that termination of Plaintiff's employment violated statutes or contractual provisions, Plaintiff's causes of action must fail for a more fundamental reason: As a teacher in a religious school, Plaintiff's employment responsibilities included "educating young people in their faith, inculcating its teachings, and training them to live their faith." Plaintiff was therefore employed as a minister under Supreme Court precedent, and "any claim with an associated remedy that would require the church to employ a minister," such as the causes of action asserted by Plaintiff, "would run afoul of the Free Exercise Clause" and are therefore prohibited by the First Amendment. *Puri v. Khalsa*, 844 F.3d 1152, 1158 (9th Cir. 2017). Additionally, Plaintiff's state-law claim for breach of contract fails, as the employee handbook clearly stated that Plaintiff's employment was at-will. Summary judgment is therefore appropriate.

## FACTUAL SUMMARY

As required by LRCiv 56.1(a), a Separate Statement of Undisputed Material Facts is submitted concurrently. The following is a summary of the key facts in that Statement:

Valley Christian Schools was incorporated for the purpose of operating a Christian school, and currently operates a high school and an elementary/middle school that are explicitly religious and Christian in outlook and mission. (SOF ¶¶ 1-2.) VCS holds itself

out as a Christian school, declares its mission as "equip[ping] students to be culture changers for Christ," states that it "presents and develops a distinctively biblical worldview in its curriculum and discipline systems," and seeks "to integrate the knowledge of God's creation with training in righteous living in order to develop true wisdom and character in students." (SOF ¶¶ 3-4.)

Plaintiff was employed as a teacher at VCS from July 2014 to November 2021. (SOF ¶ 5.) VCS requires those who teach at VCS to "be a 'born-again' Christian who knows the Lord Jesus Christ as Savior," who "attend[s] a majority of services per month at a local Evangelical church whose fundamental beliefs are in agreement with the Valley Christian School's Statement of Faith and regularly participate[s] in one ministry of the church," as well as to have "an understanding and commitment to the philosophy of Christian Education, compatible with that of Valley Christian Schools" and to accept VCS's Statement of Faith without reservation." (SOF ¶ 6.) VCS also requires those who teach at VCS to sign a statement agreeing to the objectives of the school, including "to disciple high school students who have accepted Christ and to nurture their Christian character," "to equip and encourage … students to seek a relationship with Christ as their personal Savior and helping them honor Christ in all they do," "to study Scripture as the infallible, inerrant Word of God," "to study all subjects in the light of God's Word," "to make students aware of their sinfulness and their need for a Savior," and "to equip students to be active witnesses for Christ." (SOF ¶ 7.) Plaintiff was required to sign and abide by a Statement of Faith as condition of employment whereby Plaintiff could not teach inconsistently with the Statement of Faith. (SOF ¶ 8.) To teach at VCS, Plaintiff was required to obtain and maintain certification through the Association of Christian Schools International, which required taking continuing education courses that were religious in nature. (SOF ¶ 9.)

As part of his teaching responsibilities at VCS, Plaintiff was required to meaningfully connect learning in the classroom to biblical principles, participated in trainings integrating the Bible into lessons, and actually integrated biblical lessons into his lesson plans and viewed those integrations as "inextricably linked" to his lesson plans. (SOF ¶ 10.) Plaintiff was also required to—

- lead daily spiritual devotions in his classroom three to four days per week and to choose appropriate devotional materials (SOF ¶ 11);
- attend weekly chapel services with the students (SOF ¶ 12);
- participate in a program whereby he would lead a student discussion group after chapel to discuss biblical matters and act as a mentor to the students within that group (SOF ¶ 13);
- attend faculty devotions, which were "the sort of thing you might hear at a Sunday church service," (SOF ¶ 14); and
- pray with his students (SOF ¶ 15).

The employee handbook provided that "all employees of Valley Christian Schools have the status of 'employee-at-will,' meaning that no one has a contractual right, express or implied, to remain in Valley Christian Schools' employ." (SOF ¶ 16.)

**ARGUMENT**

Summary judgment is appropriate when there is "no genuine issue as to any material fact and [] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is properly entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party who does not bear the burden of proof at trial may meet its burden to show it is entitled to summary judgment by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case. *Cline v. Indus.*

*Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000). If the movant meets this initial burden, "the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial." *Id.*

### I. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT AS PLAINTIFF'S CAUSES OF ACTION ARE BARRED BY THE MINISTERIAL EXCEPTION.

Plaintiff has asserted causes of action against Defendant for employment discrimination and retaliation under Title VII, retaliation under Title IX, and state-law breach of contract. However, as Defendant is a religious institution and these causes of action have remedies "that would require the church to employ a minister" or impose a "penalty on the Church for terminating an unwanted minister," the ministerial exception applies to bar these claims. *Puri v. Khalsa*, 844 F.3d 1152, 1158 (9th Cir. 2017); *see id.* (noting that the ministerial exception bars both federal and state-law causes of action). Summary judgment dismissing these claims is therefore appropriate.

#### A. VCS is a religious institution.

"[T]he ministerial exception's applicability does not turn on its being tied to a specific denominational faith; it applies to multidenominational and nondenominational religious organizations as well. … [I]n order to invoke the exception, an employer need not be a traditional religious organization such as a church, diocese, or synagogue, or an entity operated by a traditional religious organization." *Conlon v. InterVarsity Christian Fellowship/USA*, 777 F.3d 829, 834 (6th Cir. 2015). An employer is a religious institution for purposes of the ministerial exception if it "(1) is organized for a self-identified religious purpose (as evidenced by Articles of Incorporation or similar foundational documents), (2) is engaged in activity consistent with, and in furtherance of, those religious purposes, and (3) holds itself out to the public as religious." *Markel v. Union of Orthodox Jewish Congregations of Am.*, 648 F. Supp. 3d 1181, 1193–94 (C.D. Cal. 2023).

As shown in the Factual Summary, *supra*, VCS meets all three of these criteria and is therefore a religious institution for purposes of the ministerial exception.

### B.  Plaintiff was a minister for purposes of the ministerial exception.

In determining whether employees at religious schools are ministers under the ministerial exception, the Supreme Court has explained that the core consideration is their "role in conveying the Church's message and carrying out its mission." *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049, 2063 (2020) (citing *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 565 U.S. 171, 192 (2012)). "[E]ducating young people in their faith, inculcating its teachings, and training them to live their faith are responsibilities that lie at the very core of the mission of a private religious school." *Id.* at 2064.

In *Hosanna-Tabor*, the Court laid out four non-exhaustive considerations: (1) how the employer held out the employee, including her title, (2) whether the employee had undergone significant religious training, (3) how the employee held herself out, and (4) what functions the employee performed. *Hosanna-Tabor*, 565 U.S. at 190–92. In *Our Lady of Guadalupe*, the Court emphasized this last factor: "What matters, at bottom, is what an employee does." *Our Lady of Guadalupe*, 140 S. Ct. at 2064. The Court also noted in *Our Lady of Guadalupe* that none of those four considerations were dispositive, nor would they always be relevant—they are not "factors to be assessed and weighed in every case." *Id.* at 2068. The U.S. Supreme Court has previously held the ministerial exception to apply to teachers when educating students in their faith "lay at the core of the mission of the schools where they taught, and their employment agreements and faculty handbooks specified in no uncertain terms that they were expected to help the schools carry out this mission …." *Id.* at 2066. The Court also found dispositive that those teachers "prayed with their students, attended Mass with the students, and prepared the children for their participation in other religious activities." *Id.*

As shown in the Factual Summary, *supra*, Plaintiff was acting as a minister under the ministerial exception. Just like the teachers in *Our Lady of Guadalupe*, the employee handbook made it clear that Plaintiff was expected to help accomplish the mission of VCS, which was to, among other things, "disciple high school students who have accepted Christ and to nurture their Christian character," "equip and encourage … students to seek a relationship with Christ as their personal Savior and helping them honor Christ in all they do," and "equip students to be active witnesses for Christ." To that end, Plaintiff was required to integrate biblical teachings into his lesson plans, actually did so, and viewed those biblical integrations as "inextricably linked" to his lesson plans. Also, like the teachers in *Our Lady of Guadalupe*, Plaintiff was expected to and did participate in religious devotions with his students, including conducting daily devotionals, attending weekly chapel with the students, conducting religious discussions in classrooms, facilitating and spiritually mentoring small-group discussions of students, and praying with students. VCS relied upon Plaintiff to choose appropriate devotional materials and to conduct the daily devotionals in accordance with VCS's statement of faith and other principles. Finally, Plaintiff was required to undergo continuing religious education as part of maintaining his teaching certification and as part of his inservice training with the school. As such, a substantial part of Plaintiff's employment responsibilities included "educating young people in their faith, inculcating its teachings, and training them to live their faith," making him a minister under the ministerial exception. Plaintiff's causes of action are therefore barred, and summary judgment is appropriate.

**II. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S STATE-LAW CLAIM FOR BREACH OF CONTRACT, AS THE EMPLOYEE HANDBOOK CLEARLY STATES THAT PLAINTIFF'S EMPLOYMENT WAS AT-WILL.**

However, even if the Court determines that summary judgment is not appropriate under the ministerial exception, Defendant is entitled to summary judgment on Plaintiff's claim for state-law breach of contract. In order to establish a breach of contract claim

based upon an employee handbook, "plaintiff must establish: (1) that the Handbook provisions became a part of the employment contract; and (2) that the terms of the Handbook were breached." *Thomas v. Garrett Corp.,* 744 F. Supp. 199, 200 (D. Ariz. 1989). A handbook is not part of the employment agreement as a matter of law if there is a "clear and unambiguous disclaimer" in the handbook that indicates that employment is terminable at the will of the employer with or without reason. *Proctor v. Safeway Food & Drug, Inc.*, 06-CV-1357-PHX-RCB, 2007 WL 2982944, at *12 (D. Ariz. Sept. 28, 2007).

Plaintiff alleges that VCS breached its contract with him when VCS retaliated against him for reporting discrimination. However, as stated in the Factual Summary, *supra*, the handbook clearly states that "[a]ll employees of Valley Christian Schools have the status of 'employee-at-will', meaning that no one has a contractual right, express or implied, to remain in Valley Christian Schools' employ." Plaintiff therefore cannot make out a case for breach of contract as a matter of law, and summary judgment on that cause of action is warranted.

## **CONCLUSION**

For the foregoing reasons, Defendant requests that the Court grant summary judgment—

(III) dismissing Plaintiff's causes of action for employment discrimination and retaliation under Title VII, retaliation under Title IX, and state-law breach of contract, as Plaintiff's employment falls within the ministerial exception; or

(IV) in the alternative, dismissing Plaintiff's cause of action for state-law breach of contract, as the employee handbook clearly stated that Plaintiff's employment was at-will.

DATED this this 12th day of April, 2024.

**RIGHI FITCH LAW GROUP, P.L.L.C.**

|   |   |   |
|---|---|---|
| | By: | */s/ Elizabeth S. Fitch* |
| | | Elizabeth S. Fitch |
| | | Kelsey Walkup |
| | | Attorneys for Defendant Valley Christian Schools |

## CERTIFICATE OF SERVICE

    I hereby certify that on this 12th day of April, 2024, I electronically transmitted the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system.

    Krista S. Robinson
    Robinson Law Offices
    202 E. Earll Dr., Ste. 490
    Phoenix, AZ  85012
    krista@robinsonlawoffices.com
    *Attorney for Plaintiff*

By: */s/ Lorraine Ramirez*

- 9 -